UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JAMES L. KENT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-69-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WESTERN UNION FINANCIAL, | ) | **MEMORANDUM OPINION** |
| INC., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

By Memorandum Opinion and Order dated April 14, 2005 [Record No. 6], this Court dismissed the instant *pro se* civil action brought by James L. Kent, a prisoner confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. The Plaintiff filed a Notice of Appeal of the decision; however, on September 29, 2005, the appeal was dismissed by the United States Court of Appeals for the Sixth Circuit for the Appellant's failure to prosecute.

Nearly two years after this Court's dismissal and entry of Judgment, Kent has filed a "judicial notice" of his intent to seek to reopen his case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, the Court construes this pleading as a Rule 60 motion.

Plaintiff claims to have obtained documents under the Freedom of Information Act which show that the Defendants were in partnership with all state prisons "doing wire transfers" during a period in dispute. These documents will purportedly contradict a December, 2004 letter to the

Plaintiff and prove that the Defendants have been seeking "to cover that untruth with stone walling" since then.

Rule 60(b) of the Federal Rules of Civil Procedure contains a one-year time limit for seeking to set aside an order or judgment based on a claim of fraud. The relevant portion of the rule provides that:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Rule 60(b), Fed. R. Civ. Pro.

Here, the Order being challenged was entered April 14, 2005 – nearly two years prior to the Plaintiff's current motion. Therefore, to the extent that the Plaintiff's allegations are intended to suggest a fraud under subsection (b)(3), the motion is not timely.

The Plaintiff has specifically cited to subsection (b)(6) as the basis of his motion. Commonly called "the catch-all provision," this subsection does not have a one-year limitation. However, Kent has failed to provide a "reason justifying relief" from the Court's judgment, as is necessary for the Court to grant Rule 60 relief. He has provided no documents demonstrating

the fraud alleged, nor has he claimed that the purported contradictory documents were unavailable earlier. Further, he has not presented any other circumstance justifying relief.

The Supreme Court has stated that Rule 60(b)(6) "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing cases, including *Ackermann v. United States,* 40 U.S. 193, 199 (1950)). However, this Court concludes that under the circumstances of this case, there is no extraordinary circumstance justifying relief from the operation of the judgment herein. The Plaintiff continues to pursue the corporate Defendant and its employees without conforming to Rule 8 of the Federal Rules of Civil Procedure, without stating a claim under 42 U.S.C. §1983, without establishing diversity of the parties, and now, without any support for his claim of entitlement to relief from the Court's judgment.

Accordingly, it is hereby

**ORDERED** that the Plaintiff's construed motion [Record No. 23] for relief from Judgment is **DENIED**.

This 14th day of March, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge